# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE YANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01250-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 4)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Lee Yang, filed this action on August 22, 2023, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) On August 22, 2023, the Court denied the application to proceed *in forma pauperis* and ordered Plaintiff to file a long form application. (ECF No. 3.) On September 13, 2023, Plaintiff filed a long form application. (ECF No. 4.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating they are "unable to pay such fees or give security therefor." 28

1  U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a
2  privilege and not a right.  <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>,
3  506 U.S. 194, 198 n.2 (1993); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1231 (9th Cir. 1984)
4  ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of
5  *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need
6  not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it
7  states that due to his poverty he is unable to pay the costs and still be able to provide himself and
8  his dependents with the necessities of life.  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S.
9  331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees
10 is an exercise of the district court's discretion.  <u>Escobedo v. Applebees</u>, 787 F.3d 1226, 1236 (9th
11 Cir. 2015).

12       The Plaintiff's initial application proffered $6,000 per month in income from In Home
13 Support Services, and $740 per month in food stamp income.  (ECF No. 2 at 1-2.)  The Court
14 found this warranted the submission of a long form application.

15       In the long form application, Plaintiff first proffers: (1) $600 in child support income; (2)
16 $740 in food stamp income; and (3) $1,208 in Section 8 rental assistance income.  (ECF No. 4 at
17 1-2.)  This totals $2,548.  Plaintiff claims less than $100.00 in a checking or savings account.
18 (<u>Id.</u> at 2.)

19       Plaintiff claims two persons rely on Plaintiff for support, daughters aged 11 and 14.  (<u>Id.</u>
20 at 3.)  Plaintiff claims expenses in the amount of: (1) $1,800 in rent; (2) $800 for food; (3) $100
21 in clothing; (4) $80 for laundry and dry cleaning; (5) $160 for transportation; and (6) $60 for
22 recreation.  (<u>Id.</u> at 4.)  This totals $3,000 per month in claimed expenses.

23       Plaintiff adds a note of clarification of the stated income, in that while her rent is $1,800
24 per month, Section 8 pays $1,208, so the rent is approximately $592 per month from her own
25 income.  (<u>Id.</u> at 5.)  Plaintiff adds an additional note of clarification that while she stated in the
26 previous application that she received $6,000 per month in income from In Home Support
27 Services, Plaintiff is actually receiving $6,000 per month from Social Services as a foster parent
28 to six (6) children.  (<u>Id.</u>)

1  In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Taking Plaintiff's primary proffer of two dependents, the 2023 Poverty Guidelines provide that the poverty guideline for the 48 contiguous states for a household of three is $24,860.  2023 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited September 14, 2023).  Thus, even accepting the first stated monthly income amounts that exclude the foster children payments, Plaintiff claims income of $30,576 per year.  This is less income than the stated amount of expenses.

However, Plaintiff additionally claims they are currently receiving $6,000 per month from Social Services, or $72,000 per year.  Thus, Plaintiff currently claims they receive $102,576 in annual income.  The poverty guideline for a household of nine (9) is $55,700.

It is not absolutely clear whether the stated monthly expenses incorporate all expenses for nine (9) people, however, considering Plaintiff's stated monthly income, the Court finds the information contained in the application is inconsistent with a finding of poverty.  The Court is not aware of any authority, and Plaintiff cited to none in adding the note of clarification, that would preclude the Court from considering income from fostering children and the associated expenses for fostering children, in considering the total income and expenses of a person seeking *in forma pauperis* status.  Plaintiff may provide any relevant caselaw or additional information pertaining to the foster children income and expenses in objections.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **September 14, 2023**

UNITED STATES MAGISTRATE JUDGE

4